Per Curiam:
On February 8, 1915, the plaintiff commenced its action in this court, No. 33034, for additional compensation for services of the character declared upon herein. In the petition, filed on said date, it declared upon services “ since the 10th day of February, 1909.” In its bill of particulars it incorporated some items of service which it thereafter, when it filed its amended petition, in effect abandoned by reducing its total demand by the amount of said items and making no proof as to them. On March 1, 1915, it was awarded judgment for $3,118.24, the amount of which, as shown by the findings, “ the accounting officers of the Treasury made deduction from the amounts that were due for said transportation at ordinary commercial rates, on account of land grant.”
In this action items are claimed for as to which the transportation was furnished at intervals during a period of more than a year and a half before the commencement of its former action, and also as to some of which claim was made in that action, but afterward abandoned because for departments other than the War Department, and not supported by any official reports or otherwise.
As to said items antedating the commencement of the former action it. may be said, in addition to the rule of the Baltimore & Ohio R. R. Co. case, 52 C. Cls., 468, first, that items then sued for but abandoned can not be again declared upon in another action, and, second, that as to all of the items accruing before the commencement of that action they were within the allegations of the petition in that case, were properly to be declared upon therein, and, in the absence of proper showing, can not be declared upon herein.
As to the items of transportation furnished since the commencement of plaintiff’s former action, it appears that, in the main, they were within the rule in the B. and O. case unless the fact that plaintiff had commenced an action in which it asserted its right to be paid for such service at full commercial rates, together with the facts found as to its intention, were sufficient to take them without that rule. A strict construction would probably require that they be held to be within that case, but the court is inclined to and feels justi- *165 tied in indulging a presumption that after the commencement of that action the plaintiff was in the attitude of asserting its right to compensation at full commercial rates for such transportation, notwithstanding the method employed in the presentment of its claims, and in holding that its procedure in the matter may be regarded as taking it without the rule of the B. and O. case. Indeed, after the decision of this court in the Chicago, Milwaukee and St. Paul case, February 8, 1915, the whole situation was radically changed and a presumption that railroads generally were intending, after informed of that decision, to claim all that it had been held they might successfully claim, is not a violent one but one which, in the absence of contravening circumstances, should, perhaps, be indulged.
Judgment for plaintiff under Finding IV for $481.71.
As to the items sued upon herein but not included in said sum, as shown by said finding, the court concludes that plaintiff is not entitled to recover.